**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JERRY J. STUBBS, individually** | ) | |
| **and on behalf of others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-2164-KHV** |
| | ) | |
| **McDONALD'S CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MCDONALD'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS**
**FROM COMPLAINT AND MOTION TO DISMISS ALL COUNTS**

**I.      STATEMENT OF THE CASE**

Plaintiff Jerry Stubbs ("Stubbs") was employed by McDonald's Corporation ("McDonald's") in a specific restaurant position (Second Assistant Manager) in the Kansas City area until he resigned in 2003.  Stubbs' kitchen-sink Complaint-Class Action ("Complaint") alleges that McDonald's discriminated against him, because of his race, in virtually every way imaginable.  Stubbs' complaint transcends even the normal parameters of overbreadth, because it accuses McDonald's of nationwide discrimination against African-American employees (and applicants for employment) in nearly every aspect of the employment relationship.  Stubbs alleges six distinct race discrimination claims, on a nationwide class basis, accusing McDonald's of racial discrimination wherein virtually every employment decision made at every McDonald's restaurant since 1996 has been tainted.[1]

---

[1]  Stubbs is no stranger to across-the-board allegations as he previously alleged, in a suit filed in this Court, that he and a nationwide class of employees were denied overtime pay under federal wage and hour laws (case no. 03-2093-CM).

Stubbs alleges discrimination with respect to hiring, pay, promotion, terms and conditions of employment, hostile work environment and constructive discharge. Stubbs seeks to pursue these claims for himself and on behalf of a class consisting of **every** African-American employee regardless of position, current or former, since 1996, and all African-American applicants who were denied employment since 1996, at all McDonald's restaurants in the United States.[2]

Stubbs attempts to bludgeon his way to a class action on these claims simply by trumpeting the phrases "racial discrimination" and "pattern and practice." But the individualized nature of the claims he purports to bring, and his conclusory allegations of class-wide discrimination, make clear even at the pleading stage that he cannot meet the requirements of Rule 23 as a matter of law. A pattern and practice race discrimination case may not proceed as a class action unless **all** the prerequisites of Rule 23 have been satisfied, including the commonality and typicality requirements. Moreover, an adequate representative of the class must himself be part of the class and suffer the same injury as class members. Stubbs' Complaint, on its face, shows that his proposed class cannot meet these and other requirements of Rule 23. Several examples demonstrate the point:

(1)     Stubbs has made discriminatory hiring claims on behalf of a nationwide class of African-Americans, though he himself has no standing to maintain such a claim, since he was **hired** and employed by McDonald's.

(2)     Stubbs asserts that the hostile work environment he allegedly endured at his restaurant in Kansas City was the same—just as hostile, hostile in the same ways, having the same impact—as in all the other McDonald's restaurants around the country where African-Americans worked. However, claims such as hostile work environment are at their core

---

[2]  That McDonald's has **thousands** of restaurant locations around the country further underscores the enormity of Stubbs' proposed Class and the impropriety of his class-wide allegations.

dominated by individual inquiries as to what occurred and whether the conduct was welcomed or not, which means the proposed class cannot possibly satisfy the requirements of Rule 23(a) or Rule 23 (b)(3)'s predominance-of-common-questions requirement.[3]  Put another way, principles of substantive law render claims for hostile work environment and, for that matter, constructive discharge so individualized that Stubbs will never be able to allege—consistent with substantive law—that the environment in which he labored shares a commonality or typicality with every other McDonald's restaurant around the country, and that he can indeed represent every other African-American employee with respect to a hostile environment claim.

(3)     Similarly, Stubbs' assertion of class treatment for the alleged ill-treatment that forced him to quit McDonald's in what he claims was a constructive discharge must also fail under Rule 23(a) and Rule 23 (b).  As his claim alleges that every African-American employee at McDonald's for the past eight years has resigned due to constructive discharge, in order to pass Rule 23 muster, this class claim would again require the impossible showing that virtually every other African-American employee of McDonald's nationally was treated in much the same way.

(4)     With respect to Stubbs' class allegations applicable to *every* other count of the Complaint, the pleading should be dismissed as woefully insufficient for the Court to decide issues like commonality, typicality and manageability, especially in the context of one Second Assistant Manager in Kansas City who wants to represent *all* African-Americans who, since 1996, wanted to work for, have worked for or are working for McDonald's in the United States. Put simply, Stubbs' attempt to join in one class thousands of employees spread over diverse regions of the country employed in the full spectrum of jobs and positions, including supervisors

---

[3]  Stubbs also seeks to maintain a class under Rule 23(b)(2), but the class-wide claim for compensatory damages makes certification available only (if at all) through Rule 23(b)(3).  However, that route is closed, too, by virtue of the individualized, fact-specific claims of Stubbs and the other putative class members.

and non-supervisors alike, ignores not only commonality, typicality and adequate representation issues, but class manageability as well.

Not only are his class claims inadequate and subject to immediate dismissal, but also Stubbs' individual claims of disparate treatment must be dismissed.  Each count of Stubbs' Complaint suffers from garden-variety pleading defects amounting to his failure to state a claim.  Further, to the extent that his claims of discrimination in hiring, pay, hostile work environment and the undefined terms and conditions of employment allege violations of Title VII, those counts must also be dismissed because of Stubbs' conspicuous failure to exhaust administrative remedies.  In his EEOC charge, Stubbs alleged only failure to promote and constructive discharge.  There is no relationship between those allegations and the brand new claims alleged in this lawsuit and thus those Title VII claims must be dismissed with prejudice for failure to exhaust administrative remedies.

## II.    STATEMENT OF FACTS

Stubbs is an African-American former employee of McDonald's.  (Complaint-Class Action, ¶ 1.)  In February, 1996, Stubbs was hired as a Second Assistant Manager at a McDonald's restaurant in Kansas City, Kansas.  (¶ 12.)  Stubbs worked in various McDonald's restaurants in the Kansas City metropolitan area until he resigned in January, 2003.  (¶ 7, 19.)

On March 7, 2003, Stubbs filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC").  (¶ 20.)  Stubbs alleged that he was denied a promotion and constructively discharged from employment due to his race and color.  (*See* Exhibit to Complaint.)  On January 21, 2004, the EEOC terminated its investigation and Stubbs thereafter filed the instant action in federal court.  (*Id.*)

In this lawsuit, Stubbs seeks to represent a class of "all African-American persons currently employed by Defendant McDonald's and who were employed at any time since 1996 at McDonald's restaurants owned and/or operated by McDonald's Corporation" (the "Class"). (¶ 25.) Stubbs also seeks to represent all unsuccessful African-American applicants for employment since 1996. (¶ 66.)

Stubbs alleges that he, and all putative Class members nationwide, were not hired (¶ 66) and were given lower starting salaries, raises and other forms of compensation than similarly situated Caucasian employees (¶ 35) because McDonald's used salary ranges that were "unfairly broad" and not based on "objective, job-related criteria" uniformly applied to all employees. (¶ 36.) Stubbs alleges McDonald's denied him, and all Class members nationwide, opportunities to acquire necessary experience to qualify for promotions, and that McDonald's failed to promote him, and failed to promote all African-Americans nationwide, to higher level managerial or supervisory jobs. (¶ 42.) Stubbs complains that McDonald's relies nationwide on subjective criteria in making promotions (¶¶ 43-44), and, on a nationwide basis, departed from its enunciated policies and procedures to discriminate against him and all Class members. (¶ 47.) Stubbs' hostile environment claim on behalf of himself and all African-Americans in all McDonald's restaurants is based on these same allegations of discriminatory treatment. (¶¶ 59-64.) Stubbs alleges, because of the above conditions, that he and every African-American employee were constructively discharged on the basis of their race. (¶ 73.)

## III.    STATEMENT OF QUESTIONS PRESENTED

A.    Whether the class-wide allegations should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12(f).

B.      Whether plaintiff failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

C.      Whether plaintiff's Title VII claims of discrimination that were not included in his EEOC charge should be dismissed for failure to exhaust administrative remedies.

IV.     **ARGUMENT**

A.      **Inadequate Allegations of Class-Wide Discrimination Should be Stricken from the Complaint Pursuant to Rule 12(f)**

Since Stubbs' inability to allege a representative class is apparent from the Complaint and the application of substantive law, there is no need to permit such allegations to survive the pleading stage.  Where a plaintiff attempts to plead class-wide allegations, the viability of the proposed class should be determined "at an early practicable time" after the commencement of an action.  Fed. R. Civ. P. 23(a).  The Supreme Court noted that the viability of a class may be properly determined on the ***face of the pleading alone***, *General Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982), and federal courts have widely  used motions to strike as a method to test the viability of a class at the earliest pleading stage of the litigation.  *See e.g.*, *Thompson v. Merck & Co., Inc.*, no. 01-1004 et al., 2004 WL 62710, at *2 (E.D.Pa. Jan. 6, 2004) (granting motion to strike  class-wide  allegations  of  race  discrimination); *Riley  v.  Compucom  Sys.,  Inc.*,  no. CIV.A298CV1876L, 2000 WL 343189, at *1 (N.D.Tex Mar. 31, 2000) (same); *Lumpkin v. E.I. Du Pont De Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995) (same).

Class  allegations  should  be  stricken  when  the  complaint  demonstrates  that  the requirements of Rule 23 are not satisfied.  *Thompson*, 2004 WL 62710 at *2; *Lumpkin*, 161 F.R.D. at 482.  The burden of showing that each element of Rule 23 has been satisfied remains with  the  party  seeking  class  treatment,  irrespective  of  which  party  raises  the  viability  issue, *Lumpkin* at 481, and that party is under a strict burden to show that all Rule 23 requirements are

met.  *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988).  The court should not "blindly rely on conclusory allegations which parrot Rule 23 requirements [and] may … consider the legal and factual issues presented by plaintiff's complaints."  *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n. 7 (10th Cir. 1999).

      **B.**      **Stubbs' Across-the-Board Claims of Class-Wide Discrimination Are Expressly Disfavored after the Supreme Court's Ruling in *Falcon* and Must be "Rigorously Analyzed" for Conformity with Rule 23**

Across-the-board, company-wide claims of class discrimination seem to present an irresistible temptation for plaintiffs which courts have rightly time and time again blocked.  The need for such judicial action was never more apparent than in this lawsuit, where the broadest possible class is sought despite the fact that the substantive law which governs the claims at issue requires an individualized showing of how Stubbs was treated, and how decisions about Stubbs were made, in his restaurant, by his supervisors, and for his particular job.  Indeed, just such an individualized showing would be required as to every employee in the Class, at every McDonald's restaurant, in every job category.

The Supreme Court drastically curtailed the viability of across-the-board class actions like this one in *General Tel. Co. v. Falcon*, 457 U.S. 147 (1982).  Across-the-board claims of discrimination must undergo a "rigorous analysis" by the district court to determine if Rule 23 has been satisfied.  *Id.* at 161.  Strict adherence to the Rule 23 requirements effectively limits the class claims to those fairly encompassed by the named plaintiff's claims and ensures that the class representative must be part of the class and "possess the same interest and suffer the same injury as the class members."  *Id.* at 156 (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

The *Falcon* Court counseled lower courts to beware of the "wide gap" between an individual's claims that "he has been denied a promotion on discriminatory grounds" and the

"existence of a class of persons who have suffered the same injury as that individual." *Id.* at 157. The Court cautioned, "[i]f one allegation of specific discriminatory treatment were sufficient to support an across-the-board attack, every Title VII case would be a potential company-wide class action." *Id.* at 159. *Falcon* has been cited as the basis for foreclosing the exact sort of across-the-board claims being asserted here. *See e.g., Monreal v. Potter*, __ F.3d __, no. 02-1195, 2004 WL 1089479 (10th Cir. May 17, 2004); *Culver v. City of Milwaukee*, 277 F.3d 908, 911 (7th Cir. 2002).

     **C.**    **The Class Representation Theories of the Complaint Do Not Meet the Requirements of Rule 23(a) or (b)**

The class-wide allegations in Stubbs' Complaint must be stricken because he cannot meet the commonality, typicality and adequacy requirements of Fed. R. Civ. P. 23. Stubbs' class allegations are exactly the type of abstract "across-the-board" policy of discrimination claims that the *Falcon* case takes pains to distinguish from viable class allegations of ***particularized*** discriminatory ***practices***. See *Falcon,* at 159 n. 15 ("[I]t is noteworthy that [with respect to class actions,] Title VII prohibits discriminatory employment practices, not an abstract policy of discrimination."). Indeed, Stubbs' class-wide allegations are nothing more than a vague laundry list targeting every employment decision made at McDonald's since 1996, including hiring, promotions, transfers, pay, training, the work environment and, just to be sure he left no aspect unchallenged, the undefined "terms and conditions" of employment.

     **1.**    **Stubbs' Allegations Cannot Satisfy the Rule 23(a) Prerequisites**

To maintain a class action under Rule 23, the plaintiff must show that he can satisfy all the prerequisites of Rule 23(a) and at least one of the three standards in Rule 23(b). Fed.R.Civ.P. 23. Under Rule 23(a), the plaintiff must show that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the

claims or defenses of the representative parties are typical of the claims or defenses of the class,[4] and (4) the representative parties will fairly and adequately protect the interests of the class.[5] Fed.R.Civ.P. 23(a).    Stubbs' allegations of class-wide discrimination do not meet the commonality, typicality or adequacy requirements of Rule 23(a).

### a.    Commonality and Typicality

"After [*Falcon*], allegations alone of a pattern and practice of discrimination … are inadequate to satisfy the commonality requirement." *Stambaugh v. Kansas Dept. of Corr.*, 151 F.R.D. 664, 675 (D. Kan. 1993).  Moreover, commonality is lacking where the plaintiff seeks to represent a wide range of jobs or positions that are spread out over a large geographic area.  *See e.g.*, *Betts v. Sundstrand Corp.*, no. 97C50188, 1999 WL 436579, at *6 (N.D. Ill. June 21, 1999); *Bostron v. Appell*, 182 F.R.D. 188, 195 (D. Md. 1998).

A recent case highlights the reasons that Stubbs cannot maintain under Rule 23(a) the class action he seeks.  In *Hines v. Widnall*, 334 F.3d 1253 (11th Cir. 2003), five plaintiffs brought disparate impact and disparate treatment claims on behalf of a class of current and past African-American civilian employees at Eglin Air Force Base, as well as African-American applicants who allegedly were denied employment at Eglin.  *Id.* at 1256.  The named plaintiffs alleged a pattern and practice of discrimination against African-Americans through Eglin's hiring, evaluation and promotion practices and retaliation against those who complained.  *Id.* at 1254-55.  Plaintiffs' putative class included hundreds of professional and non-professional

---

[4]   Demonstrating typicality is not an onerous burden, but it requires more than conclusory allegations that proposed class members suffered discrimination. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982), *cert. denied* 460 U.S. 1083 (1983)).

[5]   Under this prerequisite, the Court inquires whether the named plaintiffs and their counsel have conflicts of interest with other class members, and whether the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class.  *Rutter & Wilbanks Corp. v. Shell Oil Co*., 314 F.3d 1180, 1187-88 (10th Cir. 2002).

employees as well as supervisors and non-supervisory employees.  The appellate court held that the class representatives (two applicants and three employees) did not adequately represent the "spectrum of jobs and divisions at Eglin" because they "'seek to represent a class that is too broad.'"  *Id.* at 1257.[6]  The appellate court affirmed the district court's finding that plaintiffs' attempt to represent a class based on such a broad array of factual circumstances, as a matter of law, precluded plaintiffs from meeting Rule 23(a)'s typicality requirement.

Here, even more than the plaintiffs in *Hines*, Stubbs alleges that McDonald's discriminated in every aspect of employment—hiring, pay, training, promotion, work environment—including constructive discharge that ended the employment relationship, on behalf of every single African-American employed, who applied, or was employed by McDonald's since 1996.  Stubbs' attempt as the sole representative plaintiff, to represent a class of both applicants and employees, managers, supervisors and non-managerial employees, regardless of where they worked in the United States, is far too broad given the vast spectrum of McDonald's jobs and locations.  Stubbs' class allegations are even further off the mark than the *Hines* representative plaintiffs, who at least were comprised of applicants and employees.  Stubbs' class promises to be even broader and more unwieldly than *Hines* and lumps together individuals with competing interests.  So, for even more compelling reasons than those set forth in *Hines*, Stubbs has not alleged claims that are common among Class members and his claims are not even remotely typical of the Class members he seeks to represent.

---

[6]  In affirming denial of class certification, the *Hines* court cited to its prior decisions in *Coon v. Georgia Pacific Corp.*, 829 F.2d 1563, 1566-67 (11th Cir. 1987) (denial of class that encompassed promotion, hiring and transfer claims), *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566 (11th Cir. 1992) (denial where plaintiffs sought to challenge "too broad a spectrum of employer practices for too broad a group of employees") and *Walker v. Jim Dandy Co.*, 747 F.2d 1360 (11th Cir. 1984) (denial due to lack of typicality where class included applicants for supervisory and applicants for non-supervisory employees).

b.     **Adequate Representative**

Stubbs' Complaint, on its face, also demonstrates that he cannot be an adequate representative of the Class.   The "mere fact that a complaint alleges racial or ethnic discrimination does not  in itself ensure that the party who has brought the lawsuit will be an adequate representative" of those he seeks to represent.  *Falcon*, 457 U.S. at 157.  From his own allegations, it is clear that Stubbs is not an adequate representative of (i) any Class  member who was denied employment (obviously Stubbs was hired); (ii) any Class  member who remains employed and has not been constructively discharged; (iii) any Class  member employed somewhere in America at another McDonald's, who did not find him or herself subjected to the hostile work environment alleged by Stubbs in Kansas City; or (iv) any Class member who has been promoted in a McDonald's restaurant.

Perhaps the most troubling aspect of the "adequate representative" requirement in this case surfaces when we consider how this case would be discovered and tried in the real world. Stubbs asserts that he can  adequately represent a class which includes,  under one  roof, individuals with manifestly *conflicting* interests; i.e. supervisors and non-supervisors (all employees of McDonald's restaurants).  Because the substantive core of Stubbs' discrimination claims will routinely put at issue actions taken by decision makers, which will include some of the Class members, even a short-term continuation of this case with the class allegations intact permits some members of the Class to target other members whose allegedly adverse decisions are being challenged.  There is simply no manner in which this Class can be harmonized, or in which Stubbs can adequately represent all the different categories of Class members.

2.      **Stubbs' Allegations Cannot Satisfy the Rule 23(b) Prerequisites**

In addition to meeting every requirement of Rule 23(a), Stubbs must also show that class treatment is proper under one of the three prerequisites of Rule 23(b).  Fed.R.Civ.P. 23(b). Stubbs seeks certification under either Rule 23(b)(2) or (b)(3).  (Compl. ¶ 24.)  This issue was recently addressed by the Tenth Circuit in *Monreal v. Potter*, __ F.3d __, no. 02-1195, 2004 WL 1089479 (10th Cir. May 17, 2004) where the court denied class certification to a suit filed by several Hispanic employees of the U.S. Postal Service claiming nationwide pattern-and-practice race and national origin discrimination claims.  Similar to Stubbs' across-the-board allegations, the *Monreal* plaintiffs alleged race discrimination in promotions, compensation, evaluations, other terms and conditions of employment, hostile work environment and retaliation.  *Id.* at *8. Although the district court order was in response to a motion to certify the class, it was effectively the same stage of the proceeding as here, because the district court acted solely on the basis of the complaint ***without*** allowing any class discovery or holding a hearing.

The district court ruled that the plaintiffs failed to satisfy any of the requirements of Rule 23(b).  The Tenth Circuit affirmed the district court's denial of certification under Rule 23(b)(2), stating:

> Plaintiffs simply have not articulated a policy—besides generalized non-compliance with Title VII—that could be the subject of injunctive or declaratory relief. … Based on the breadth of the discriminatory actions alleged by Plaintiffs, we cannot conceive of an injunction that would satisfy these requirements [of Fed. R.Civ.P. 23(b)(2) and 65(d).]

*Id.* at *10.  The Tenth Circuit also affirmed the district court ruling because, despite a generalized prayer for injunctive relief, "it is clear from the pleadings here that the primary relief sought is monetary damages" rendering certification improper under Rule 23(b)(2).  *Id.*

The Tenth Circuit further affirmed denial of certification under Rule 23(b)(3) because plaintiffs failed to show that "questions of law or fact common to the members of the class

predominate over any questions affecting only individual members" and plaintiffs failed to show that a class action was "superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* at *10. The court concluded:

> As a practical matter, we cannot envision how a class action trial would proceed in this case. The prima facie case for a failure-to-promote claim is completely different than that for a hostile work environment claim or a retaliation claim, yet Plaintiffs allege all of these. There is simply no common issue that predominates with respect to this class, nor does Plaintiff identify one.

*Id.* at *11.

As the class allegations here are the same as they were in *Monreal*, the result should also be the same. Just like *Monreal*, the class claims must be denied because the individual questions necessary to determine liability for injunctive relief or money damages would overwhelm any purported common questions required for class certification under either 23(b)(2) or (b)(3). *Id.*; *see also Rutstein v. Avis Rent-A-Car Sys., Inc.,* 211 F.3d 1228, 1235 (11th Cir. 2000); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998).

Further, Stubbs cannot meet the superiority requirement of Rule 23(b)(3). Like the plaintiffs in *Monreal*, Stubbs alleges class claims with vastly different elements and burdens of proof, from failure to promote to hostile work environment to constructive discharge. Because individual issues dominate with respect to liability and damages, the economies of time, effort and expense – the very goals of the class action – would be eviscerated by class treatment here. *See Thompson v. Merck & Co., Inc.*, *supra*, at *2-5 ("the main impediment to class certification … is that [plaintiffs] challenge hundreds if not thousands of independent employment decisions"). As in *Thompson v. Merck*, tens of thousands of individualized employment decisions by thousands of decision makers are being challenged here. In fact, McDonald's readily agrees with Stubbs that it employs well over 1000 African-Americans (Compl. ¶ 26) in a

wide array of managerial and non-managerial positions, at thousands of restaurants across the country, all of whom would be part of Stubbs' purported Class.  This demonstrates that the class proposed by Stubbs is simply not manageable.

In short, we have been unable to find any case this close to the edge—in fact over the edge—of the permissible, manageable, logical boundaries of a discrimination class action.   No case has comprehended this many class members, in this many locations, holding this many jobs, over this long a time period, covering this many alleged types and instances of discrimination. This court should step back from the edge, by dismissing Stubbs' Complaint.

      **D.**     **Each Individual Claim is Defective, Both Individually and as a Class-Wide Claim, For Failure to State a Claim for Relief and/or Failure to Satisfy the Rigorous Class Analysis under Rule 23**

A claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) when, even accepting the allegations as true and drawing reasonable inferences in the plaintiff's favor, the plaintiff cannot prove any set of facts consistent with his allegations that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1303-04 (10th Cir. 1998).  In conducting an analysis under Rule 12(b)(6), the Court should not accept as true any conclusory allegations, like those that dominate Stubbs' complaint.  *Maher* 144 F.3d at 1304; *Southern Disposal, Inc. v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998).  Thus, in ruling on this motion to dismiss, the Court should reject Stubbs' unsupported conclusory allegations because they are insufficient to state a claim for relief.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, Rule 8(a) requires ***factual allegations*** on those material elements that must be proved to recover.  *Id.;* Fed.R.Civ.P. 8(a) (emphasis added).

1.     **Hostile Work Environment**

    a.     **Stubbs' Individual Claim**

In a hostile work environment, "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Stinnett v. Safeway*, 337 F.3d 1213, 1219 (10th Cir. 2003) (quoting *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998)). To be actionable, the harassment must be severe or pervasive; isolated or minor incidents are insufficient. *Witt v. Roadway Express*, 136 F.3d 1424, 1432 (10th Cir. 1998). "Whether an environment is hostile or abusive can be determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Stinnett*, 337 F.3d at 1219. Where a plaintiff fails to allege that he was subjected to anything physically threatening or humiliating, or subjected to any offensive utterances, his claim is not well founded. *Trujillo v. Univ. of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998).

Here, Stubbs made no such allegations. Rather, his complaints include "none of the racial comments or ridicule that are hallmarks of hostile work environment claims." *Trujillo*, 157 F.3d at 1214. Stubbs failed to plead anything remotely similar to a workplace so permeated with discriminatory intimidation, ridicule, and insult so as to alter his working conditions and create an abusive working environment. Accordingly, his individual claim should be dismissed.

b.    **Class Allegations**[7]

As can be seen by the substantive requirements for hostile environment claim, Stubbs' attempt to assert a class action for hostile work environment covering every location where African-Americans work for McDonald's is absurd.  The substantive elements of a hostile work environment claim, listed above, simply do not translate into a national setting spread over thousands of separate locations.  Indeed, courts have held that claims based on harassment—like, for example, hostile work environment and constructive discharge—are virtually never appropriate for class treatment.  *See Lang v. Kansas City Power & Light Co.*, 199 F.R.D. 640 (W.D. Mo. 2001) (ruling that racial harassment claims lack commonality and typicality); *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 670 (N.D. Ga. 2001) ("Satisfying the commonality requirement would be especially difficult with regard to the hostile work environment claim … because that claim includes a subjective component"); *International Union v. LTV Aerospace and Defense Co.*, 136 F.R.D. 113, 130 (N.D. Tex. 1991) ("this form of discrimination is simply not amenable to class treatment"); *Zapata v. IBP, Inc.*, 167 F.R.D. 147 (D. Kan. 1996) (denying class certification because of "the highly individualized nature" of harassment claims).  This is especially true in cases where many multiple locations are impacted.  *Faulk v. Home Oil Co.*, 184 F.R.D. 645, 659 (M.D. Ala. 1999) (denying hostile work environment class covering *21 separate facilities* where class members experienced different work environments); *Levels v. Akzo Nobel Salt, Inc.*, 178 F.R.D. 171, 177 (N.D. Ohio 1998) (noting individual questions are "exacerbated by the separate conditions" inherent in different work locations).

---

[7]  To avoid redundancy hereafter, McDonald's reiterates just this once that class allegations in *each* claim should be stricken, and the class aspects of *each* claim dismissed, for the reasons expressed in sections IV.B and C above and for the reasons specifically addressed herein regarding the elements of each count alleged in Stubbs' Complaint.

The presence of unique and fact-specific defenses to each plaintiff likewise defeats class treatment of Stubbs' claim.  For example, the question of liability on any individual's hostile environment claim will depend on McDonald's ability to assert the affirmative defense articulated in *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998).  The elements of that defense are unique to each individual (e.g., did the individual complain about the purported harassment and if so, was the response by McDonald's reasonable and appropriate?).

Stubbs seeks to bring a hostile work environment claim on a nationwide basis, thereby implicating thousands of restaurants across the country where putative class members work. Plainly, Stubbs' day-to-day work experiences in Kansas City have little or no similarity to the work experiences of employees at, for example, a McDonald's restaurant located in Fargo, North Dakota or Miami, Florida as each has different working conditions, different supervisors and different managers.

### 2.   Constructive Discharge

#### a.   Stubbs' Individual Claim

Stubbs failed to allege the basic elements of a constructive discharge claim.  To state a cognizable claim, as a matter of law, Stubbs must allege facts sufficient to demonstrate under an objective test that a reasonable person would have viewed the working conditions as intolerable. *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 858 (10th Cir. 2000).  The court must analyze such a claim by an objective standard; the employee's subjective feelings or beliefs are not relevant in a constructive discharge claim.  *Id.*; *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 534 (10th Cir. 1998).  An employee is generally expected to remain employed while seeking redress "unless confronted with an aggravating situation beyond ordinary discrimination."  *See Yearous*

*v. Niobrava*, 128 F.3d 1351, 1356 (10th Cir. 1997) (quitting instead of attempting to resolve workplace dispute found to be voluntary resignation).

The entirety of Stubbs' constructive discharge claim is based on conclusory allegations. Stubbs has not alleged a single fact from which to draw the inference that his working conditions were so intolerable that a reasonable person in his situation would have felt compelled to resign. Without pleading additional aggravating factors, as a matter of law, Stubbs claim must be dismissed. Stubbs' allegations of discrimination alone, without more, are insufficient for a claim of constructive discharge. *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (repeated denial of promotions and transfer to a money-losing store was insufficient for finding that reasonable employee would feel compelled to resign); *see also Taylor v. Virginia Union Univ.*, 193 F.3d 219, 237-38 (4th Cir. 1999) (failure to obtain a promotion, without more, does not create an intolerable working condition such that a reasonable person would feel compelled to resign); *Fisher v. Conrad*, no. 92-5297, 1993 WL 20184, at *10 (6th Cir. Jan. 29, 1993) (unlawful transfer or unequal pay, without more, does not amount to a constructive discharge).

**b.      Class Allegations**

As referenced above, Stubbs also seeks to bring a constructive discharge claim on behalf of a Class that notably includes applicants, current employees and former employees. Clearly, no such claim is viable for applicants who never held employment from which they could be discharged, or for employees who currently hold employment with McDonald's. Moreover, as explained above in the discussion of hostile work environment, allegations of constructive discharge are simply not subject to class treatment, because as a matter of substantive law the claim requires a fact-specific inquiry driven by each individual's specific work environment.

**3.      Failure to Hire—Individual and Class Allegations**

Stubbs cannot maintain either a class action or an individual action for hiring discrimination as he was, by his own admission, *employed* with McDonald's for several years. Thus, as a matter of law, Stubbs cannot state a claim of hiring discrimination because he cannot allege that he was rejected from employment with McDonald's.  *See e.g.*, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (elements of a claim for failure to hire include allegation that plaintiff was rejected for the position he applied for); *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1278 (10th Cir. 1999) (same).  Similarly, because Stubbs suffered no harm due to any alleged failure to hire, he cannot represent a class of individuals because he did not suffer the same injury and does not possess the same interest as the class members.  *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

Moreover, because Stubbs did not and can not allege any injury from McDonald's failure to hire him, Stubbs does not have standing to bring that claim.  The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III," of the United States Constitution.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Standing raises jurisdictional questions and a court must determine if an Article III case or controversy exists.  *People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002).  To satisfy the Article III standing requirement, a party must show injury in fact, a causal relationship between the injury and the challenged conduct, and likelihood that a favorable decision will redress the injury.  *Rector v. City and County of Denver*, 348 F.3d 935, 942 (10th Cir. 2003).  A class representative who lacks Article III standing to pursue a class claim fails by definition to meet the typicality requirements of Rule 23.  *Id.* at 950.  Here, Stubbs has alleged no injury in fact due to McDonald's failure to hire him—he admitted being hired—

and, accordingly, he lacks standing to bring a failure to hire claim individually or as a class claim.[8]

### 4.   Failure to Promote

#### a.   Stubbs' Individual Claim

To state a prima facie claim of discrimination for failure to promote, Stubbs must allege that he (1) belongs to a minority group; (2) was qualified for the promotion; (3) was not promoted; and (4) that the position remained open or was filled with a non-minority. *Simms v. State of Oklahoma*, 165 F.3d 1321, 1328 (10th Cir. 1999) quoting *Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1534 (10th Cir. 1995). Stubbs claims that McDonald's denied him a promotion to any higher positions over the course of his near-seven year employment (¶ 7), despite being "repeatedly promised advancement and promotion." (¶ 13.) Stubbs alleged he was well-qualified for these ambiguous, unspecified promotions and that unspecified Caucasian employees with less experience and qualifications were promoted instead of him. (¶ 14.)

This claim is little more than an individual's gripe that he did not move up the corporate ladder. Stubbs fails to identify any particular position that he was qualified for, applied for and was denied or any decision-maker who denied him advancement due to his race. To the extent that Stubbs tries to fill in this "gap," he does so by claiming that McDonald's used an arbitrary, subjective promotion system. (¶ 44.) However, use of subjective criteria is ***not*** per se unlawful. *Denney v. City of Albany*, 247 F.3d 1172, 1185-86 (11th Cir. 2001) (Plaintiffs "rightly concede that 'it is [not] per se improper to utilize subjective promotional standards'"); *see also Dorsch v.*

---

[8]   *See also Wade v. New York Telephone Co.*, 500 F. Supp. 1170, 1179 (S.D.N.Y. 1980) (plaintiff lacks standing to challenge hiring policies because she did not allege injury from failure to hire her); *Mixon v. Gray Drug Stores, Inc.*, 81 F.R.D. 413, 414 (N.D.Ohio 1978) (individual actually hired had no standing to challenge hiring practices); *Freeman v. Motor Convoy, Inc.*, 409 F. Supp. 1100, 1113 (N.D.Ga. 1976) (plaintiffs who were never denied employment on account of their race do not have standing to represent a class of job applicants who were never hired).

*L.B. Foster Co.*, 782 F.2d 1421, 1427 (7th Cir. 1986) (stating that a subjective qualification assessment does not convert an otherwise legitimate reason into an illegitimate one); *Simms*, 165 F.3d at 1329-30 (allegations of subjective criteria not sufficient to withstand summary judgment).   Accordingly, Stubbs' failure-to-promote allegations lack even the minimal specificity required by Rule 8 and should be dismissed.

### b.  Class Allegations

From even his sparse allegations of failure to promote, it is clear that Stubbs' claims are not typical of the Class members he seeks to represent and therefore the class allegations should be stricken.  For example, Stubbs alleges that he, individually, was denied promotion despite promises that he would advance.  Stubbs' individual circumstances, even if he had actually pleaded them consistent with the elements stated above, will determine the ultimate success or failure of his claim.  The same is true with regard to the individual circumstances of any other African-American employee who may be employed elsewhere in the country in a totally different position than Stubbs.

Moreover, Stubbs alleges that McDonald's promotion practices are "too subjective" and that McDonald's deviates from its objective policy on occasion.  This admission dooms any prospect for class-treatment of Stubbs' claim.  Such an allegation belies class treatment, as each individual claim will necessarily depend on the particular subjective deviation affecting each individual Class member.  In other words, while Stubbs' allegation of subjectivity may further his own disparate treatment claim, it actually undermines the applicability of class treatment. *See e.g.*, *Zachery v. Texaco Exploration and Prod., Inc.*, 185 F.R.D. 230, 238 (W.D.Tex. 1999) (class claims lacked commonality where plaintiff alleged promotion decisions were based on subjective criteria of individual supervisors).  In short, the individualized injury of a promotion

claim, and a challenged promotion decision based on individual qualifications, defy the Rule 23 commonality and typicality prerequisites.

### 5.  Terms and Conditions—Individual and Class Allegations

In paragraphs 52-57 of his Complaint, Stubbs alleges that McDonald's discriminated against Stubbs and others by subjecting them to "job terms and conditions different than those of similarly situated Caucasian employees."  (Compl. ¶ 53.)  But Stubbs has not seen fit to identify any job term or job condition so implicated.  Such an allegation fails to meet the pleading requirements set forth in Rule 8(a), which requires that a pleading set forth a "short plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  Rule 8(a) requires more than just allegations; the pleading must state the facts upon which the plaintiff's claim rests.  Stubbs' allegations of discriminatory "terms and conditions" are no better than the claim dismissed in *Sims v. Unified Gov't of Wyandotte County*, 120 F. Supp.2d 938, 950 (D. Kan. 2000) (dismissing claim based on allegation that plaintiff was "otherwise discriminated against on the basis of her race").  Accordingly,  this count of purported discrimination, as a matter of law, fails to state  a claim for relief under Title VII or Section 1981 and must be dismissed.[9]

### 6.  Wage Discrimination

#### a.  Stubbs' Individual Claim

Stubbs claims that McDonald's discriminated against him on the basis of race by paying him less than similarly situated white employees.  Stubbs must show  that (1) he belongs to a protected class; and (2) defendant  compensated  a  co-worker  outside  his  protected  class,

---

[9]  The elements of plaintiff's claim are essentially the same whether that claim is brought under § 1981 or Title VII.  *See e.g., English v. Colorado Dept. of Corr.*, 248 F.3d 1002, 1008 (10th Cir. 2001); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991).

performing similar work, at a higher rate.  *Amro v. Boeing Co.*, 232 F.3d 790, 798 (10th Cir. 2000) (citing *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1363 (10th Cir. 1997) (discussing elements for Title VII discriminatory pay claim)).  Stubbs failed to allege that any non-African-American co-worker performed the same work he did as a Second Assistant Manager and was paid at a higher rate because of his race.  Instead, Stubbs returns to his familiar yet problematic mantra that McDonald's treated every single African-American less favorably than its Caucasian employees, in this instance, with regard to pay.  However, like Stubbs' ill-fated failure to promote claim, Stubbs' allegations here lack even the minimal specificity required by Rule 8 and should be dismissed.

### b.      Class Allegations

The individualized injury of Stubbs' economic discrimination claims, like compensation, defy the Rule 23 commonality and typicality requirements.  Decisions on pay naturally depend on the individual qualifications of individuals.  *See e.g., Patterson v. General Motors, Corp.*, 631 F.2d 476, 481 (7th Cir. 1980).  Here, Stubbs proposes a class of individuals spread across the country, where wages are subject to varying local economic forces, with each individual claim reliant on particularized factors including the employee's qualifications, work experience, job performance and history.  In sum, such broad-reaching class claims cannot possibly satisfy the commonality or typicality requirements of Rule 23(a).

### E.      Stubbs Failed to Exhaust Administrative Remedies as to his Individual Title VII Claims for Hostile Work Environment, Hiring Discrimination, Pay Disparity and in Generic "Terms and Conditions" of Employment

It is now black-letter law that a plaintiff may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge.  *Simms v. State of Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999); *Zartman v. Coffey County Hosp.*, no. 03-2567-GTV, 2004 WL 877667 (D. Kan. Apr. 22, 2004).  The plaintiff *must* present his claims to the EEOC as part of a

timely-filed written charge, providing the EEOC an opportunity to investigate and conciliate the claim, and giving the charged party notice of the discrimination claims brought against it. It is beyond argument that a plaintiff's failure to reference a basis of discrimination in the EEOC charge is grounds for dismissal of the claim in the subsequent federal court lawsuit. *Id.; see also Bland v. Kansas Cmty. Coll.*, 271 F. Supp.2d 1280, 1283-84 (D. Kan. 2003).

The court must dismiss all Title VII claims that are not reasonably related to the allegations in the EEOC charge. In *Zartman v. Coffey County Hospital*, this Court dismissed a plaintiff's Title VII claims for discrimination in pay, benefits and other terms and conditions of employment because her EEOC charge only contained examples of how plaintiff was allegedly subjected to a hostile work environment and retaliated against for making complaints about sexual harassment. *Id.* at * 2. Because the EEOC charge "define[d] the scope of Plaintiff's claims in this action," all other claims of discrimination were dismissed. *Id.* Similarly, in *Aramburu v. The Boeing Co.*, the Tenth Circuit affirmed dismissal of a hostile work environment claim where the plaintiff's EEOC charge alleged only wrongful discharge. 112 F.3d 1398, 1409-10 (10th Cir. 1997). The court found that the hostile work environment claim was not reasonably related to the wrongful discharge claim even though both concerned the plaintiff's ancestry and disability. *See also Archuleta v. Colorado Dept. of Inst.*, 936 F.2d 483, 488 (10th Cir. 1991) (holding that plaintiff's claims of sexual harassment and pregnancy discrimination were not reasonably related to her discharge claim).

Here, Stubbs' EEOC charge alleged:

> During my employment with McDonald's, I was repeatedly promised advancement and promotion. My evaluations were never negative. Despite the promises for promotion, I was never given a promotion. Rather, on numerous occasions, white employees with considerably less time and experience with McDonald's were promoted over me to jobs with better pay. Moreover, there was at

> least one reference by a supervisor that another white employee
> was "the wrong color" to work at a largely minority area in Kansas
> City, Missouri.
>
> Finally, I realized that because of my race/color, I would not be
> promoted.  I was force to submit my resignation from McDonald's
> rather than continuing to suffer from discrimination by
> McDonald's in my advancement . . . .

(emphasis added) (*see* exhibit to Complaint).  Conspicuously, Stubbs' EEOC charge contained no allegations about a failure to hire, a hostile work environment, pay practices or any other terms and conditions of employment.  Rather, Stubbs' allegations were limited to a failure to promote him to a position he allegedly sought, and that the continued failure to promote caused him to resign.  None of his EEOC charge allegations are reasonably related to the  new and distinct claims Stubbs' raises in the instant lawsuit.  Accordingly, as in the cases cited above, all Stubbs' other Title VII claims must be dismissed for failure to exhaust administrative remedies.

## V.    CONCLUSION

For the reasons explained above, Stubbs' claims should be dismissed and the class-wide allegations should be stricken from the Complaint in their entirety.

Respectfully submitted,

LATHROP & GAGE L.C.


/s/Robert W. McKinley
Robert W. McKinley (21132)
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:   (816) 292-2001

Paul R. Garry
Peter Petrakis
Jeremy J. Glenn
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
Telephone:  (312) 474-7900
Telecopier:  (312) 474-7898

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served, by first class United States mail, postage prepaid, on the following counsel of record this 1st day of June, 2004:

John M. Edgar
John F. Edgar
EDGAR LAW FIRM LLC
4520 Main Street, Suite 1650
Kansas City, MO 64111


/s/Robert W. McKinley
An Attorney for Defendant

CC 1299783v1